**EXHIBIT "A"**



**null / ALL**
**Transmittal Number: 24092918**
**Date Processed: 11/19/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Missy Forbes<br>Six Flags Entertainment Corporation<br>4219 Annawood Cir<br>Spring, TX 77388-5705 |
| **Electronic copy provided to:** | Danielle Bernthal |

| | |
|---|---|
| **Entity:** | Six Flags Theme Parks Inc.<br>Entity ID Number  1962175 |
| **Entity Served:** | Six Flags Theme Park, Inc. |
| **Title of Action:** | Sheila Katerelos vs. Magic Mountain, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV41513 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/18/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Greene Broillet & Wheeler, LLP<br>310-576-1200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 02:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
21STCV41513

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAGIC MOUNTAIN, LLC, a California entity; SIX FLAGS THEME PARK, INC.,
a Delaware corporation; ARROW DYNAMICS, INC., a Utah corporation;
ARROW DYNAMICS LLC, a Utah entity; S&S WORLDWIDE, INC., a Utah
corporation; SANSEI TECHNOLOGIES, INC., a Delaware corporation; S&S
POWER, INC., a Delaware corporation; S&S Arrow LLC, a Utah entity, and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHEILA KATERELOS, an individual; ARI KATERELOS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br><br> Superior Court of California - Los Angeles <br> 111 N. Hill Street <br> Los Angeles, CA 90012 <br> Stanley Mosk Courthouse | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> **21STCV41513** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tobin Lanzetta, Esq. (SBN 228674)
GREENE BROILLET & WHEELER LLP
222 N. Pacific Coast Highway, Suite 2100 El Segundo, CA 90245
Tel: (310) 576-1200 Facsmile: 310-576-1220

DATE:                        Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)* 11/10/2021              C. Monroe

Clerk, by _____, Deputy
*(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SIX FLAGS THEME PARK,  INC.,a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/18/2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                        **SUMMONS**                American LegalNet, Inc.      Code of Civil Procedure §§ 412.20, 465
                                                                    www.FormsWorkflow.com                www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 02:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV41513

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

TOBIN M. LANZETTA, SBN 228674 (tlanzetta@gbw.law)

4

5

SAVIN BURSK
15915 Ventura Blvd., Suite 201
Encino, CA 91436
Office: (818) 960-0011
Direct: (818) 650-9530
Fax:  (818) 285-8474

6

7

EDWARD M. MORGAN, SBN 273336 (emorgan@savinbursklaw.com)

8

Attorneys for ___Plaintiffs_____

9

10

11

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12

**FOR THE COUNTY OF LOS ANGELES**

13

14

15

SHEILA KATERELOS, an individual; ARI KATERELOS, an individual,

16

Plaintiffs,

17

vs.

18

MAGIC MOUNTAIN, LLC, a California entity; SIX FLAGS THEME PARK, INC., a Delaware corporation; ARROW DYNAMICS, INC., a Utah corporation; ARROW DYNAMICS LLC, a Utah entity; S&S WORLDWIDE, INC., a Utah corporation; SANSEI TECHNOLOGIES, INC., a Delaware corporation; S&S POWER, INC., a Delaware corporation; S&S Arrow LLC, a Utah entity, and DOES 1-100, inclusive,

19

20

21

22

23

Defendants.

CASE NO.  21STCV41513

**COMPLAINT FOR DAMAGES**
1. Negligence
2. Strict Product Liability
3. Negligent Product Liability
4. Loss of Consortium

**JURY TRIAL DEMANDED**

24

25

26

27

28

- 1 -

Complaint for Damages

[963792]

COME NOW the plaintiffs, and for causes of action against defendants, and each of them, alleges as follows:

**GENERAL ALLEGATIONS**

1.   The true names and/or capacities, whether individual, corporate, associate, partnership, trust or otherwise of defendants DOES 1 through 100, inclusive, and each of them, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe and thereupon allege, that each defendant fictitiously named herein as a DOE was legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to plaintiffs as hereinafter alleged.  Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

2.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants and were, as such, acting within the course, scope and authority of said agency, employment and/or venture and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee and/or joint venturer.

3.   At all times mentioned herein, plaintiff SHEILA KATERELOS was and is a resident of the County of San Bernardino, State of California.

4.   At all times mentioned herein, plaintiff ARI KATERELOS was and is a resident of County of San Bernardino, State of California.

5.   At all times mentioned herein, plaintiffs SHEILA KATERELOS and ARI KATERELOS were married as wife and husband, respectively.

6.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendant MAGIC MOUNTAIN, LLC ("MAGIC MOUNTAIN") was and now is a limited liability company organized and existing under and by virtue of the laws of the State of California

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

1   and was and now is licensed to conduct business and was and now is conducting business in the

2   State of California.

3       7.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

4   herein, defendant SIX FLAGS THEME PARKS, INC. ("SFTP") was and now is a corporation

5   organized and existing under and by virtue of the laws of the State of Delaware, and at all times

6   herein relevant was registered to do business in, and is authorized to do, has regularly done, and is

7   doing, business in the State of California, and has systematically conducted business on a regular

8   basis in the State of California, under and by virtue of the laws of the State of California.

9       8.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

10  herein, defendant ARROW DYNAMICS, INC.  ("ARROW INC") was and now is a corporation

11  organized and existing under and by virtue of the laws of the State of Utah, and at all times herein

12  relevant was registered to do business in, and is authorized to do, has regularly done, and is doing,

13  business in the State of California, and has systematically conducted business on a regular basis in

14  the State of California, under and by virtue of the laws of the State of California.

15      9.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

16  herein, defendant ARROW DYNAMICS, LLC.  ("ARROW LLC") was and now is a limited

17  liability company organized and existing under and by virtue of the laws of the State of Utah, and

18  at all times herein relevant was registered to do business in, and is authorized to do, has regularly

19  done, and is doing, business in the State of California, and has systematically conducted business

20  on a regular basis in the State of California, under and by virtue of the laws of the State of California.

21      10.  Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

22  herein, defendant S&S WORLDWIDE, INC. ("S&S WORLDWIDE" ) was and now is a

23  corporation  organized and existing under and by virtue of the laws of the State of Utah, and at all

24  times herein relevant was registered to do business in, and is authorized to do, has regularly done,

25  and is doing, business in the State of California, and has systematically conducted business on a

26  regular basis in the State of California, under and by virtue of the laws of the State of California.

27      11.  Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

28  herein, defendant SANSEI TECHNOLOGIES, INC. ("SANSEI") was and now is a corporation

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

1   organized and existing under and by virtue of the laws of the State of Delaware, with its principle

2   place of business at 515 South Flower St, Los Angeles, CA 90071, and at all times herein relevant

3   was registered to do business in, and is authorized to do, has regularly done, and is doing, business

4   in the State of California, and has systematically conducted business on a regular basis in the State

5   of California, under and by virtue of the laws of the State of California.

6       12.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

7   herein, defendant S&S POWER, INC.  ("S&S POWER") was and now is a corporation  organized

8   and existing under and by virtue of the laws of the State of Delaware, and at all times herein relevant

9   was registered to do business in, and is authorized to do, has regularly done, and is doing, business

10   in the State of California, and has systematically conducted business on a regular basis in the State

11   of California, under and by virtue of the laws of the State of California.

12       13.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

13   herein, defendant S&S ARROW, LLC   ("S&S ARROW") was and now is a limited liability

14   company organized and existing under and by virtue of the laws of the State of Utah, and at all times

15   herein relevant was registered to do business in, and is authorized to do, has regularly done, and is

16   doing, business in the State of California, and has systematically conducted business on a regular

17   basis in the State of California, under and by virtue of the laws of the State of California.

18       14.   On or about February 16, 2020, plaintiff SHEILA KATERELOS was severely injured

19   while riding the X2 rollercoaster (hereinafter referred to as the "SUBJECT RIDE") at MAGIC

20   MOUNTAIN located at 26101 Magic Mountain Pkwy, Valencia, CA, in the county of Los Angeles,

21   California. Her injuries included a traumatic brain injury, subdural hematoma and other catastrophic

22   injuries.

23       15.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned

24   herein, defendant MAGIC MOUNTAIN and DOES 1-100 were a common carrier at the time of the

25   subject incident.

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

## FIRST CAUSE OF ACTION

### Negligence

### (Against Defendants MAGIC MOUNTAIN, SFTP, ARROW INC., ARROW LLC,  S&S POWER, S&S WORLDWIDE, SANSEI, S&S ARROW and DOES 1 – 100)

16.   Plaintiffs incorporate herein all allegations made elsewhere in this Complaint.

17.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants MAGIC MOUNTAIN, SFTP, ARROW INC., ARROW LLC,  S&S POWER, S&S WORLDWIDE, SANSEI, S&S ARROW and DOES 1 – 100, inclusive, and each of them, breached their duties by negligently and carelessly constructing, building, operating, designing, owning, leasing, buying, selling, equipping, installing, inspecting, servicing, repairing, marketing, warranting, modifying, manufacturing, maintaining, providing warnings for and/or advertising the SUBJECT RIDE and/or each and every component part thereof, in that same was capable of causing and in fact did cause severe personal injuries to the user, consumer and/or bystander  thereof while being used in a manner reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the  consumer, user and/or bystander. Further, as a common carrier of passengers Defendants and each of them owed to Plaintiffs the highest duty of care.  They breached such duty.

18.   On or about February 16, 2020, Plaintiff SHEILA KATERELOS was lawfully at MAGIC MOUNTAIN and was severely injured riding the SUBJECT RIDE. As a direct and proximate result of the negligent and careless conduct of the above-described defendants, and each of them, as aforesaid, Plaintiff suffered severe injuries to her person.

19.   As a direct and proximate result of the conduct of the defendants, and each of them, as aforesaid, Plaintiff SHEILA KATERELOS was injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause the plaintiff great physical, mental and nervous pain and suffering.  Plaintiff is informed and  believes and thereupon alleges that said injuries will result in some permanent disability to plaintiff, all to her general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure, § 425.10, which amount is in excess of Fifty Thousand Dollars ($50,000.00).

[963792]

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

20.   As a direct and proximate result of the conduct of the defendants, and each of them, as aforesaid, the Plaintiff SHEILA KATERELOS was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and plaintiff is informed and believes and thereupon alleges that by reason of her injuries plaintiff will necessarily incur like additional expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure § 425.10.

21.   As a direct and proximate result of the conduct of the defendants, and each of them, as aforesaid, Plaintiff SHEILA KATERELOS was prevented from attending to her usual occupation, and plaintiff is informed and believes and thereupon alleges that she will thereby be prevented from attending to her usual occupation for a period of time in the future and/or will be prevented from establishing a future occupation, and thereby will also sustain a loss of earning capacity, in addition to lost earnings, past, present and future; the exact amount of such losses are unknown to plaintiff at this time, and when said amounts are ascertained, the plaintiff will ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## SECOND CAUSE OF ACTION

### Strict Product Liability

**(Against Defendants MAGIC MOUNTAIN, SFTP, ARROW INC., ARROW LLC,  S&S POWER, S&S WORLDWIDE, SANSEI, S&S ARROW and DOES 1 through 100, inclusive)**

22.   Plaintiffs incorporate herein all allegations made elsewhere in this Complaint.

23.   Plaintiffs are informed and believe, and thereupon allege, that at all times material to this action, Defendants and DOES 1 through 100, inclusive and each of them, by and through their officers, directors, employees and/or managing agents  manufactured, fabricated, designed, assembled, tested, distributed, sold, inspected, marketed, warranted, leased, rented, supplied, modified, provided, serviced, repaired, maintained and/or advertised the SUBJECT RIDE, which contained design and/or manufacturing defects, including but not limited to:  design and/or manufacturing characteristics which increased the likelihood of an injury when the SUBJECT RIDE

was being used in a reasonably foreseeable manner; inadequate warnings to potential users of the high risk of injury;  the lack of adequate warnings or instructions to assist users, ordinary consumers and occupants  in reducing the risk of injury or death as a result of normal use;  design and/or manufacturing defects in the SUBJECT RIDE's occupant restraint systems and/or occupant protection systems, and which was capable of causing, and in fact, did cause personal injuries to the users and consumers thereof, while being used in a manner reasonably foreseeable, thereby rendering same unsafe and dangerous for use by the consumer, user and/or bystander.  Defendants and DOES 1 – 100, inclusive, and each of them, by and through their officers, directors, employees and/or managing agents, also failed to provide adequate warnings or instructions to consumers and users of the SUBJECT RIDE concerning the hazards associated with the SUBJECT RIDE.

24.   Plaintiffs are informed and believe, and thereupon allege, that as a direct and proximate result of the failure of the SUBJECT RIDE to contain, restrain, and/or protect Plaintiff SHEILA KATERELOS, and other defective aspects of the SUBJECT RIDE, Plaintiff SHEILA KATERELOS sustained severe and permanent injuries, as detailed above.

25.   Plaintiffs are informed and believe, and thereupon allege, that as a direct and proximate result of the conduct of the defendants, and the design and manufacturing defects in the SUBJECT RIDE, Plaintiff SHEILA KATERELOS was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff SHEILA KATERELOS is informed and believe and thereupon allege that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of said expenses will be stated according to proof.

26.   Plaintiffs are informed and believe, and thereupon allege, that as a further direct and proximate result of the conduct of the defendants and the condition of the SUBJECT RIDE, Plaintiff SHEILA KATERELOS has sustained a loss of earnings, past, present and future, as well as the loss of earning capacity, the exact amount of said losses which will be stated according to proof pursuant to California Code of Civil Procedure § 425.10.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

- 7 -
Complaint for Damages

27. Plaintiffs are informed and believe, and thereupon allege, that as a further direct and proximate result of the conduct of the defendants, and the condition of the SUBJECT RIDE, Plaintiff SHEILA KATERELOS, was injured and hurt in her health, strength, and activity, sustaining injuries to her body, and shock and injury to her nervous systems and person, all of which said injuries have caused, and continue to cause, Plaintiff great physical, mental, and nervous pain and suffering. Plaintiff SHEILA KATERELOS is further informed and believes, and thereupon alleges, that said injuries will result in permanent disability to her, all to his general damage in an amount which will be stated according to proof, pursuant to Code of Civil Procedure, Section 425.10.

## THIRD CAUSE OF ACTION

### Negligent Products Liability

### (Against All Defendants and DOES 1 through 100, inclusive.)

28. Plaintiffs incorporate herein all allegations made elsewhere in this Complaint.

29. Plaintiffs are informed and believe, and thereupon allege, that at all times Defendants and DOES 1 through 100, inclusive, negligently designed, engineered, developed, tested, approved, manufactured, fabricated, assembled, equipped, inspected, repaired, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the SUBJECT RIDE and its component parts in that it failed to exercise reasonable care to prevent the SUBJECT RIDE and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

30. Plaintiffs are informed and believe, and thereupon allege, that at all times Defendants and DOES 1 through 100, inclusive, had a duty to design, test, develop, manufacture, fabricate, assemble, distribute, warn, instruct, buy, sell, inspect, service, repair, market, warrant, lease, rent, supply, modify, and/or provide the SUBJECT RIDE, in a reasonable manner, and further, to provide warnings and/or instructions pertaining to the SUBJECT RIDE in a reasonable manner, and which defendants and DOES 1 through 100, inclusive, and each of them, knew, or in the exercise of reasonable care, should have known, would be used without inspection for defects in its parts, mechanisms, manufacture or design.

- 8 -

[963792]

31.   Plaintiffs are informed and believe, and thereupon allege, that at all times Defendants and DOES 1 through 100, inclusive, breached their aforesaid duties, in that the they failed to exercise reasonable care to design and manufacture the SUBJECT RIDE to reduce or eliminate the unreasonable risk of harm to users/occupants of the SUBJECT RIDE from serious and permanent injury, while using the SUBJECT RIDE in foreseeable ways.  Defendants and DOES 1 – 100 further breached their duty to design the SUBJECT RIDE such that it provided reasonable protection to occupants.  The SUBJECT RIDE was also defective in design insofar as the defendants failed to provide adequate warnings to potential users and the lack of adequate warnings or instructions to assist users, ordinary consumers and occupants in reducing the risk of injury or death.

32.   Plaintiffs are informed and believe, and thereupon allege, that at all times as a direct and proximate result of the conduct of Defendants, and each of them, and defective condition of the SUBJECT RIDE, Plaintiff SHEILA KATERELOS sustained the injuries and damages alleged in Paragraphs above in the of the First and Second Causes of Action, above, and which allegations are re-alleged and incorporated herein.

## FOURTH CAUSE OF ACTION

### Loss of Consortium

**(Brought by Plaintiff ARI KATELEROS Against Defendant MAGIC MOUNTAIN, SFTP, ARROW INC., ARROW LLC, S&S POWER, S&S WORLDWIDE, SANSEI, S&S ARROW and DOES 1 – 100)**

33.   Plaintiffs incorporate herein all allegations made elsewhere in this Complaint.

34.   At all times mentioned herein, plaintiffs SHEILA KATERELOS and ARI KATERELOS were, and now are, wife and husband, respectively.

35.   As a direct and proximate cause of the conduct of Defendants and DOES 1 through 100, inclusive, and each of them as described more fully herein, of the dangerous and defective condition of the SUBJECT RIDE as more fully described herein, and as a result of the injuries and damages to plaintiff SHEILA KATERELOS, plaintiff ARI KATERELOS has been deprived of the love, affection, care, service, companionship, comfort, affection, society, solace, moral support, financial

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

1  support, expectations of future support, consortium, counseling, protection, loss of enjoyment of

2  sexual relations, and loss of physical assistance in the operation and maintenance of the home, of

3  his wife, SHEILA KATERELOS, and has thereby sustained, and will continue to sustain, damages

4  for loss of consortium in an amount to be stated according to proof, pursuant to California Code of

5  Civil Procedure § 425.10.

6       WHEREFORE, plaintiffs pray for judgment against defendants, and each of them as follows:

7      1.  For general damages in excess of Fifty Thousand Dollars ($50,000.00), according to

8  proof;

9      2.  For hospital, medical, professional and incidental expenses, according to proof;

10      3.  For loss of earnings and loss of earning capacity, past and future, according to proof;

11      4.  For other special damages according to proof;

12      5.  For prejudgment and post judgment interest, according to proof;

13      6.  For costs of suit incurred herein;

14      7.  For the loss of consortium to Plaintiff ARI KATERELOS, and;

15      8.  For such other and further relief as this Court deems just and proper.

16

17  DATED: November 10, 2021,          GREENE BROILLET & WHEELER, LLP

18

19

20                            Tobin Lanzetta, Esq.
                          Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[963792]

Electronically FILED by Superior Court of California, County of Los Angeles on 11/10/2021 02:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV41513

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tobin Lanzetta, Esq. (SBN 228674) GREENE BROILLET & WHEELER LLP 222 N. Pacific Coast Highway, Suite 2100, El Segundo, CA 90245 | |

TELEPHONE NO.: (310) 576-1200     FAX NO. *(Optional):* (310) 576-1220
E-MAIL ADDRESS: tlanzetta@gbw.law
ATTORNEY FOR *(Name):* Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Katerelos v. Magic Mountain, LLC,   et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 21STCV41513 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is  ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 10, 2021

Tobin Lanzetta, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|



American LegalNet, Inc.
www.FormsWorkFlow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>Katerelos v. Magic Mountain, LLC,   et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☒ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katerelos v. Magic Mountain, LLC,   et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Katerelos v. Magic Mountain, LLC,   et al. | |

| | **A**<br>Civil Case Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**




American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE:<br>Katerelos v. Magic Mountain, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS:<br>26101 Magic Mountain Pkwy |
|---|---|
| CITY:<br>Valencia | STATE:<br>CA    ZIP CODE:<br>91355 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 10, 2021

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)
Tobin Lanzetta, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4



American LegalNet, Inc.
www.FormsWorkFlow.com

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

TOBIN M. LANZETTA, SBN 228674 (tlanzetta@gbw.law)

**SAVIN BURSK**
15915 Ventura Blvd., Suite 201
Encino, CA 91436
Office: (818) 960-0011
Direct: (818) 650-9530
Fax:    (818) 285-8474

EDWARD M. MORGAN, SBN 273336 (emorgan@savinbursklaw.com)

Attorneys for ___Plaintiffs___

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHEILA KATERELOS, an individual; ARI KATERELOS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MAGIC MOUNTAIN, LLC, a California entity; SIX FLAGS THEME PARK, INC., a Delaware corporation; ARROW DYNAMICS, INC., a Utah corporation; ARROW DYNAMICS LLC, a Utah entity; S&S WORLDWIDE, INC., a Utah corporation; SANSEI TECHNOLOGIES, INC., a Delaware corporation; S&S POWER, INC., a Delaware corporation; S&S Arrow LLC, a Utah entity, and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. 21STCV41513 <br><br> **PLAINTIFFS' DEMAND FOR JURY TRIAL** <br><br> [Filed Concurrently with Plaintiffs' Complaint for Damages] |

- 1 -

Plaintiffs' Demand for Jury Trial

[1006510]

1  TO THE HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

2  HEREIN:

3       PLEASE TAKE NOTICE that Plaintiffs hereby demand a jury trial of all the issues in the

4  above-captioned matter.

5

6  DATED: November 9, 2021           GREENE BROILLET & WHEELER, LLP

7

8                             Tobin Lanzetta, Esq.

9                             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[1006510]

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By: _____ Deputy
Daniela Abino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.:<br>)<br>) FIRST AMENDED STANDING ORDER<br>) RE: PERSONAL INJURY PROCEDURES<br>) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____ AT 10:00 A.M.

**TRIAL:**

DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1)(A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐   A7260 Product Liability (not asbestos or toxic/environmental)

☐   A7210 Medical Malpractice – Physicians & Surgeons

☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐   A7250 Premises Liability (e.g., slip and fall)

☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.   Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)).  In selecting a new trial date,

2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3  may submit a maximum of two stipulations to continue trial, for a total continuance of six

4  months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.    The PI Courts do not conduct case management conferences.  The parties need not file a

9  Case Management Statement.

10  **LAW AND MOTION**

11  8.    Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.    Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.    Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.   California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.   The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10   resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11   attorney with full authority to make binding agreements, must attend in person.  The PI judges

12   have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13   of the Court.

14   13.   Parties _must_ participate in an IDC _before_ a Motion to Compel Further Responses to

15   Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16   the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17   an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18   noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19   motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20   of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21   filing a motion to compel further discovery responses in order to allow time to participate in an

22   IDC.

23        If parties do not stipulate to extend the deadlines, the moving party may file the motion

24   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

Page 5 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1 that complies with the notice requirements of the Code of Civil Procedure.

2 14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3 www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4 in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5 must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6 LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7 as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8 forth that party's response, at least ten court days prior to the IDC.

9 15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10 resolve other types of discovery disputes.

11 **EX PARTE APPLICATIONS**

12 16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13 showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14 "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15 ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16 applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17 Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18 danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19 relief, the moving party should reserve the earliest available motion hearing date (even if it is

20 after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21 CRS from time to time because earlier hearing dates may become available as cases settle or

22 hearings are taken off calendar.

23 **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24 17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25 Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26 Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27 website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28 is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24  Dated: _Feb. 24, 2020_

25  SAMANTHA P. JESSNER
    Supervising Judge of Civil Courts

26

27

28

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///
///
///

Page 1 of 5

2.   **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.   **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.   **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.   **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.   **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**
       **(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**
       **(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**
       **DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

Page 3 of 5

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

**3.     EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder. If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC. However, the exhibit binders will be required by the assigned trial judge when the trial commences. In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

**4.     TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| Tab A: | Trial Briefs (Optional) |
|--------|-------------------------|
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested Instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and
             Former Testimony

Tab J:       Copies of the Current Operative Pleadings (including the operative complaint,
             answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab
B with the opposition papers and reply papers for each motion placed directly behind the moving
papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon
instructions first in order followed by the contested instructions (including special instructions)
submitted by each side.

5.    **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this
Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary
and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**FILED**
Superior Court of California
County of Los Angeles

2021-SJ-018-00

OCT 08 2021

Sherri R. Carter Executive Officer/Clerk
By: _____ Deputy
Cohami Adams

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts at the Spring Street Courthouse | ) SECOND AMENDED SUPPLEMENTAL ) STANDING ORDER RE COVID ) PROTECTIVE MEASURES RELATED TO ) FINAL STATUS CONFERENCES IN ) PERSONAL INJURY CASES AT THE ) SPRING STREET COURTHOUSE ) |

In an effort to reduce the number of in-person appearances in the Personal Injury ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020 ("Operative PI FSC Order").

**1.    ELECTRONIC TRIAL BINDERS**

As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial Readiness Documents at least five calendar days prior to the FSC. Instead of providing the court that will be conducting the FSC with the trial binders as described in the Operative PI FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders in electronic form. This will allow parties and attorneys to appear remotely for the final status conference and provide the court with the opportunity to review the trial binders to determine whether the parties/counsel are ready for trial. Hard copies of the binders prepared in accordance with the Operative PI FSC Order will continue to be required for the trial courtroom.

///

Page 1 of 3

2.   **REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

At least <u>two</u> court days before the FSC, parties/counsel must submit via email a joint electronic trial binder to the courtroom conducting the FSC as follows:

a.   The parties/counsel must submit in <u>one</u> PDF the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, and joint deposition designation chart as listed in paragraph 4 of the Operative PI FSC Order.

b.   The trial briefs and motions in limine, oppositions, and replies, if any, must be submitted in a separate PDF.

c.   The PDFs must be text searchable.

d.   The PDFs must be bookmarked which is essentially an electronic tab so that the FSC judge can easily find and navigate among the trial documents. (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking instructions).

e.   The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 30 at sscdept30FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

f.   The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

g.   Each email should have two PDFs attached — one containing the Trial Readiness documents and the other containing the trial briefs and motions in limine, if applicable.

h.   The parties need not submit the evidentiary exhibit binders at the FSC. However, the parties shall prepare the exhibit binders as required in paragraph 5 of the Operative PI FSC Order and be prepared to represent to the court that they have been properly prepared. Hard copies of the exhibit binders will be required for trial.

**3.   FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Supplemental Standing Order to show cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).  In addition, failure to timely and fully comply with this order may result in the case not being assigned a trial courtroom by Dept. 1.

Dated: _10/8/2021_

_____
David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

Page 3 of 3

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

**FILED**   2021-SJ-008-00
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Connie Adame

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) ) ) ) ) ) ) ) ) ) ) |

SIXTH AMENDED STANDING ORDER RE: MANDATORY SETTLEMENT CONFERENCE (Effective June 21, 2021)

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: _6/29/21_

Judge David J. Cowan
Supervising Judge, Civil Division

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ⤳ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved in Clerk s File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____          ⋗ _____
       _____              (ATTORNEY FOR PLAINTIFF)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR DEFENDANT)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR DEFENDANT)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR DEFENDANT)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR _____)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR _____)
            (TYPE OR PRINT NAME)
Date: _____          ⋗ _____
       _____              (ATTORNEY FOR _____)
            (TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____          _____
                                              JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Neil_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What Is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may _not_ be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

Online Dispute Resolution (ODR). Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/10/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV41513 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael E. Whitaker | 32 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/12/2021
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.